UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SHETOAN COATES,

        Petitioner,               Case No. 1:20-cv-830

v.                                        Honorable Janet T. Neff

BRYAN MORRISON,

        Respondent.
_____/

## **OPINION**

This is not a standard habeas corpus petition brought by a state prisoner under 28 U.S.C. § 2254. Instead, it is a precursor to such an action. Petitioner, fearful that his anticipated habeas corpus petition might be late, asks the Court to extend the deadline for filing his habeas petition. Petitioner seeks an extension of 60 days to file his petition.

Although this is not a standard habeas petition, Petitioner's request certainly concerns such a petition. Accordingly, the Court will address Petitioner's request within the statutes and rules governing such a petition. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v.*

*Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner's request for relief is properly dismissed because it is unnecessary.

## Discussion

### I. Factual allegations

Petitioner Shetoan Coates is incarcerated with the Michigan Department of Corrections at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. Following a jury trial in the Ingham County Circuit Court, Petitioner was convicted of assault with intent to commit murder (AWIM), Mich. Comp. Laws § 750.83, assault with intent to do great bodily harm less than murder (AWIGBH), Mich. Comp. Laws § 750.84, carrying a concealed weapon (CCW), Mich. Comp. Laws § 750.227, and possession of a firearm during the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b. On April 22, 2015, the trial court sentenced Petitioner to concurrent prison terms of 20 to 80 years for the AWIM conviction, 5 to 10 years for the AWIGBH conviction, and 2 to 5 years for the CCW conviction, all of which were to be served consecutive to a 2-year term of imprisonment for the felony-firearm conviction.

Petitioner appealed his conviction and sentence to the Michigan Court of Appeals. On September 22, 2016, that court remanded the matter to the trial court for resentencing in light of *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015). Petitioner subsequently appealed his conviction to the Michigan Supreme Court, which denied leave to appeal on June 27, 2017. The trial court resentenced Petitioner on October 2, 2017, to the same sentence, and Petitioner appealed that decision. That appeal was still pending before the Michigan Court of Appeals when Petitioner filed his first habeas petition, *Coates v. Rewerts*, No. 1:18-cv-1117 (W.D. Mich.). The Court

dismissed the petition because Petitioner had failed to exhaust his state court remedies—specifically his pending appeal as of right—before he filed the habeas petition in federal court.

Petitioner proceeded with his appeal. On December 13, 2018, the Michigan Court of Appeals issued an opinion denying relief. Petitioner then filed an application for leave to appeal to the Michigan Supreme Court. That court denied leave by order entered September 10, 2019. It is the approaching one-year anniversary of that decision that prompts Petitioner's concern for the timeliness of the habeas petition he hopes to file.

On August 28, 2020, Petitioner filed his request for a 60-day extension of the period of limitation. Petitioner offers compelling reasons for providing additional time. He reports that he has twice tested positive for the COVID-19 virus and that the facility where he is incarcerated and his particular unit have been shut down periodically throughout the period of limitation. Moreover, Petitioner claims that the illness has impacted his mental state and his ability to prepare his petition.

**II.     Statute of limitations**

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on September 10, 2019. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on December 9, 2019.

Petitioner had one year from December 9, 2019, until December 9, 2020, to file his habeas application. Therefore, Petitioner has more than three months to timely file his habeas application.

Petitioner's request to extend the period of limitation is not within the Court's power to grant. As noted by Justice Scalia in dissent in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), "[t]he . . . AEDPA provides that a '1-year period of limitation shall apply' to a state

4

prisoner's application for a writ of habeas corpus in federal court[, and w]here Congress has erected a constitutionally valid barrier to habeas relief a court *cannot* decline to give it effect." *Id.* at 401-02.  But, even if this Court cannot simply extend the deadline, there are doctrines that might afford Petitioner some relief.  For example, in *McQuiggen*, the majority held that a convincing showing of actual innocence might permit a habeas petitioner to overcome the statute of limitations bar.  *Id.* at 386.  That does not appear to be the case here.

Alternatively, the one-year limitations period applicable to § 2254 is also subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court.  *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  Yet, the Sixth Circuit has also indicated that the doctrine could be applied prospectively, as Petitioner requests in this case.  *Hargrove v. Brigano*, 300 F. 3d 717 (6th Cir. 2002).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

In the instant case, Petitioner has indicated that 60 days beyond September 10, 2020, should give him sufficient time to prepare his petition.  That amount of time, and more, is

5

already available to Petitioner. Accordingly, the Court will deny his request for relief and dismiss the "petition" without prejudice.

## III.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's request was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial

of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition without prejudice and an order denying a certificate of appealability.

Dated:   September 4, 2020                           /s/ Janet T. Neff
                                                                                             Janet T. Neff
                                                                                             United States District Judge